UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 17-20833
                                        Honorable Victoria A. Roberts

CRAIG DAVID ERVING,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [ECF Nos. 26, 31]**

Upon motion of ☒ the Defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is: *See* **pages 4-6.**

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of

    _____ is reduced to_____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ **FACTORS CONSIDERED** (Optional):

In June 2018, the Court sentenced Craig David Erving to 60 months in prison after he pled guilty to felon in possession of a firearm. Erving now moves for compassionate release based on his medical conditions and the COVID-19 pandemic.

The compassionate release statute allows the Court to release a defendant if, among other things, "extraordinary and compelling reasons warrant such a

4

[release]," 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable factors in 18 U.S.C. § 3553(a) support release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

Erving says extraordinary and compelling reasons exists for his release because he has a high risk of contracting COVID-19 in prison and because he suffers from latent tuberculosis and is overweight, which make him more susceptible to COVID-19. The government contends that Erving's medical conditions do not constitute an extraordinary or a compelling reason. The parties also dispute whether the § 3553(a) factors support Erving's release.

The Court finds that Erving's latent tuberculosis constitutes an extraordinary and compelling reason for release. *See United States v. Watkins*, No. 15-20333, 2020 WL 4016097, at *2-4 (E.D. Mich. July 16, 2020) (granting compassionate release to prisoner whose only underlying condition was previously-treated latent tuberculosis).

However, Erving is not entitled to his requested relief because he fails to engage in any meaningful discussion of the § 3553(a) factors, let alone demonstrate that the applicable § 3553(a) factors weigh in favor of release. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny [compassionate release requests] under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise

5

justify relief.").

Including his time in pretrial detention, Erving has served approximately 38 months – or nearly 64 percent – of his total sentence. Considering the nature and circumstances of his offense – unlawfully possessing a firearm four months after being released from state custody on parole – releasing Erving at this juncture would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. *See* § 3553(a)(1)-(2). Nor would it sufficiently account for Erving's lengthy criminal history and repeated violations while on parole – set forth in the presentence investigation report. The Court finds that the 60-month sentence remains appropriate in light of the relevant § 3553(a) factors.

Because the applicable § 3553(a) factors weigh against Erving's release, the Court **DENIES** his motion.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS ORDERED**.

Dated: 2/1/2021

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge